UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICHARD W. BOHANAN ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:17-cv-0486 |
| ] | Judge Trauger |
| SOUTHERN HEALTH PARTNERS, ] | |
| et al. ] | |
|     Defendants. ] | |

## M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Wilson County Jail in Lebanon, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Wilson County Sheriff's Department and Southern Health Partners, a corporate entity under contract to provide health care services for the Wilson County Jail, seeking unspecified relief.

The complaint describes two instances in which the plaintiff noticed spots on his body. He reported the spots to health care providers who would not test him to determine the nature and cause of the spots. Instead, he was given an injection with a change of medications. The plaintiff believes that he has been "medically neglected".

To establish a claim for § 1983 relief, the plaintiff must plead and prove that a person or persons, while acting under color

1

of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

A county sheriff's department is not a "person" subject to liability under § 1983. Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007). Of course, giving this *pro se* pleading a liberal construction, the Court could construe the complaint as an attempt to state a claim against Wilson County, the entity responsible for the operation of the Jail. However, for Wilson County to be liable, the plaintiff would have to allege and prove that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county. Monell v. Department of Social Services, 436 U.S. 658, 689-690 (1978). No such allegation appears in the complaint. Therefore, the plaintiff has failed to state a claim against the Wilson County Sheriff's Department upon which relief can be granted.

The plaintiff has also named Southern Health Partners as a defendant. This defendant, though, is a corporate entity that is not liable under § 1983 for the alleged torts of its employees. Polk v. Dodson, 454 U.S. 312, 325 (1981). Rather, Southern Health Partners can only be held liable under § 1983 when an official policy or custom of that entity causes the alleged constitutional violation. Ellington v. Strode, 2012 WL 1906511 at pg.2 (W.D. Ky.;

2

5/25/12). No such allegation appears in the complaint. Therefore, the plaintiff has failed to state an actionable claim against this defendant as well.

Under such circumstances, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

                                                                                      _____
Aleta A. Trauger
United States District Judge